# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0508, <u>Dawn Cate & a. v. Linda Hemingway & a.</u>, the court on July 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Linda Hemingway and Russell Hemingway, appeal the order of the Superior Court (<u>McNamara</u>, J.), following a three-day bench trial, finding that they breached their lease with the plaintiffs, Dawn Cate and Earle Cate, and awarding damages. The defendants argue that the evidence was insufficient to prove breach of contract and damages, and that the plaintiffs failed to mitigate their damages.

A lease is a contract. <u>Gibson v. LaClair</u>, 135 N.H. 129, 133 (1991). "A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." <u>Lassonde v. Stanton</u>, 157 N.H. 582, 588 (2008) (quotation and brackets omitted). "A trial court's findings of fact in a breach of contract action are binding upon us unless they are unsupported by the evidence or erroneous as a matter of law." <u>Id</u>.

In August 2013, the plaintiffs leased one-quarter of an acre of the defendants' property, together with "water rights," to allow the plaintiffs to grow crops in and around the greenhouses in the leased area. The record shows that access to well water was by a spigot on the defendants' house. The defendants allowed the plaintiffs to use the spigot until the start of 2014, when the relationship between the parties deteriorated. Plaintiff Earle Cate testified that, during a heated argument with Linda Hemingway, she told him that he could no longer use the spigot. The defendants argue that there was no evidence that the plaintiffs' water rights referred specifically to well water. However, the trial court accepted the plaintiffs' testimony that other water sources on the property were either inadequate or impractical to water their crops. The record supports the court's finding. <u>See</u> <u>Lassonde</u>, 157 N.H. at 588.

The defendants argue that even if the plaintiffs' water rights referred specifically to well water, there was no testimony that the plaintiffs attempted to access the spigot after the argument but were blocked by a locking mechanism or some other means. Earle Cate testified that it was clear to him

that the defendants were denying the plaintiffs access to the spigot. We conclude that the evidence was sufficient to prove that the defendants denied the plaintiffs access to the well water. See id.

The defendants next argue that the evidence was insufficient to support the plaintiffs' damage claim. "The goal of damages in actions for breach of contract is to put the non-breaching party in the same position it would have been in if the contract had been fully performed." George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 134 (2011). The plaintiffs produced an expert, a certified crop insurance adjuster, who concluded that if the plaintiffs had been able to grow flowers and vegetables in the leased area, they would have earned $17,127 in sales and avoided $1,546 in expenses, resulting in actual damages of $18,673. The trial court noted that the defendants "did not effectively challenge this evidence," and credited the expert's testimony. We conclude that the evidence was sufficient to support the court's damage award. See id.

Finally, the defendants argue that the plaintiffs failed to mitigate their damages by seeking other water sources. "[A] party seeking damages occasioned by the fault of another must take all reasonable steps to lessen his or her resultant loss." Grenier v. Barclay Square Commercial Condo. Owners' Assoc., 150 N.H. 111, 119 (2003). The defendants bear the burden of proving that the plaintiffs failed to mitigate damages. Id. The trial court accepted the plaintiffs' testimony that other water sources were either infeasible or impractical. The record supports the trial court's finding that the defendants did not meet their burden to show that the plaintiffs failed to mitigate damages. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**